IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CITIBANK, N.A. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:14-CV-01784-WSD-JCF |
| ERIC D. JOHNSON and all others, | : | |
| | : | |
| Defendant | : | |
| | : | |
| BARBARA DUROSER, | : | |
| | : | |
| Movant | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Barbara Duroser,[1] proceeding *pro se*, seeks leave to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Gwinnett County (*see* Doc. 1-1)[2] without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Ms. Duroser's Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1), the Court **GRANTS** her request to proceed *in forma pauperis* for the limited purpose of determining whether this action has been properly removed to this Court. For the reasons discussed below,

---

[1] Duroser's name appears in the notice of removal (Doc. 1) alternatively as Duroser (caption, ¶ 3, and three signature blocks), Durosier (introduction), and Durosir (affidavit). The undersigned will use "Duroser" as that spelling appears most frequently.

[2] Ms. Duroser resides at the property from which Citibank seeks to dispossess the tenants. (*Compare* Doc. 1-1 at 7 *with* Doc. 1-2).

1

the undersigned finds that this Court lacks subject matter jurisdiction over this action, and therefore, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Gwinnett County.

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of

the undersigned finds that this Court lacks subject matter jurisdiction over this action, and therefore, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Gwinnett County.

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of

citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In this case, Ms. Duroser appears to assert both federal question jurisdiction and diversity jurisdiction (*see* Docs. 1-1, 1-2), and therefore, the undersigned will explore both potential sources of jurisdiction in considering whether to recommend remanding the action.

I.      **Diversity Jurisdiction**

Resolving this issue begins with 28 U.S.C. § 1332(a) which provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." In addition, 28 U.S.C. § 1441(b) further provides that where removal is based on diversity (as opposed to a federal question), such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in которой [the] action is brought.' " (quoting 28 U.S.C. § 1441(b)). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the

citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Ms. Duroser has failed to show that diversity jurisdiction exists. First, she has not shown that she and the named defendant Eric Johnson are not citizens of Georgia. To the contrary, it appears that they reside in Georgia. (*See* Doc. 1-1 at 7, Doc. 1-2). Moreover, Ms. Duroser has not satisfied the amount in controversy requirement of 28 U.S.C. § 1332(a). As explained in *Federal Home Loan Mortgage Corporation v. Williams*, No. 1:07-CV-2864-RWS, 2008 U.S. Dist. LEXIS 1622, at *5-6 (N.D. Ga. Jan. 8, 2008):

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Because Ms. Duroser has not shown that the amount in controversy exceeds $75,000.00, she may not remove the dispossessory action to this court based on diversity jurisdiction. *See, e.g., Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (finding that removal was improper because "this court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy," and therefore "Dhinoja cannot reduce the

4

benefit sought to a monetary sum and there is no pecuniary amount in controversy").

Because Ms. Duroser has not shown that removal is proper based on diversity jurisdiction, to avoid remand she must show that federal question jurisdiction exists.

## II.   Federal Question Jurisdiction

"The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 and n.2 (2002).  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc.*, 482 U.S. at 392.  Defenses or potential defenses, even if they arise under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint.  *See Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961) (If the plaintiff does not raise a federal question in the complaint, "it is no substitute that

the defendant is almost certain to raise a federal defense"); *Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Employees*, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

In her Notice of Removal (Doc. 1-1), Ms. Duroser appears to assert that Plaintiff's dispossessory action violates a number of federal laws, including the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Protecting Tenants at Foreclosure Act.  She has not shown, however, that *Plaintiff* raised those claims, or any other federal claim, in the underlying action.  Because Ms. Duroser has not shown that the original complaint contains a federal claim, she has not shown that this Court has subject matter jurisdiction over this action, and thus removal is improper.  The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Gwinnett County.

The Clerk of the Court is **DIRECTED** to terminate referral of this action to the undersigned magistrate judge.

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 12th day of June, 2014.

       /s/ *J. CLAY FULLER*
       J. CLAY FULLER
       United States Magistrate Judge