# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITIBANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ERIC D. JOHNSON, and all others, <br><br> Defendants. | 1:14-cv-1784-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Report and Recommendation ("R&R") [3] which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia. Also before the Court are Barbara Duroser's ("Movant")[1] Objections [5] to the R&R, and Citibank, N.A.'s ("Plaintiff") Motion to Remand [6].

## I. BACKGROUND

On May 20, 2014, Plaintiff filed in the Magistrate Court of Gwinnett County, Georgia, a dispossessory proceeding ("Complaint") [2 at 7] against Eric D. Johnson and all others ("Defendants").[2] The Complaint seeks possession of real property currently held by Defendants following a foreclosure sale of the property.

---

[1] Barbara Duroser appears to be an occupant of the property at issue in this action.
[2] No. 14-M-17433.

On June 9, 2014, Movant, proceeding *pro se*, removed the Gwinnett County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP"). Movant claims in her Notice of Removal that Plaintiff violated the Uniform Commercial Code ("UCC") and various federal laws, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 et seq. ("PTFA").

On June 12, 2014, Magistrate Judge Fuller granted Movant's IFP application and considered *sua sponte* the question of subject matter jurisdiction. Judge Fuller found that Movant fails to show that the amount in controversy exceeds $75,000, and he concluded that the Court does not have diversity jurisdiction over this matter. Judge Fuller also found that Plaintiff's Complaint is a dispossessory action, which Movant contends violates federal law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Fuller concluded that the Court does not have federal question jurisdiction over this matter. Judge Fuller concluded that the Court lacks subject matter jurisdiction over this action and that it is required to be remanded to state court.

On July 1, 2014, Movant filed her Objections to the R&R, in which she reasserts generally that the Court has diversity and federal question jurisdiction

2

over this action and that the R&R violates certain provisions of the United States Constitution.

On July 22, 2014, Plaintiff filed its Motion to Remand.

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Movant has filed objections to the R&R and the Court thus conducts a *de novo* review of the record.[3]

---

3   To the extent Movant objects that the R&R is "unconstitutional with respect to the 'Due Process Clauses' of the 14th Amendment," and "is in violation of the [FDCPA] and rule 60 of the federal rule [sic] of civil Procedure," these objections are meritless, incomprehensible and are not valid objections. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a

B. <u>Analysis</u>

Movant appears to object to the finding in the R&R that the Court does not have federal question jurisdiction over this action. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Movant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830-32 (2002). The Court, having considered *de novo* the issue of federal question jurisdiction, concludes that federal question jurisdiction is

---

magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); <u>see also</u> <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). These objections are required to be overruled.

4

not present in this action and Movant's objection based on federal question jurisdiction is overruled.[4]

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). Movant fails to show that the amount-in-controversy exceeds $75,000. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendants currently possess. The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the

---

[4] The Court notes further that the UCC "is not federal law," see Motorola, Inc. v. Perry, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996), and that the PTFA also does not provide a private right of action, see Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149 (6th Cir. 2014); Hammer v. Bank of Am., No. 8:13-cv-1910-T-33AEP, 2013 WL 3866532, at *3 (M.D. Fla. July 25, 2013).

5

removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The Court, having considered *de novo* the question of diversity jurisdiction, concludes that diversity jurisdiction is not present in this action and Movant's objection based on diversity jurisdiction is overruled.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[5,6]

---

[5] To the extent Movant asserts in her Notice in Removal that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Movant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act. See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for ... equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D.Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Report and Recommendation [3] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Movant Barbara Duroser's Objections [5] to the R&R are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff Citibank, N.A.'s Motion to Remand [6] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 7th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Because the Court adopts the R&R and dismisses this action for lack of subject matter jurisdiction, Plaintiff's Motion to Remand is denied as moot.